## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NINH TUAN NGUYEN,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and TRUIST
BANK,

     Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, NINH TUAN NGUYEN (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian"), TRANS UNION LLC ("Trans Union") and TRUIST BANK, INC. ("Truist") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Equifax transacts business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Orange County in the State of California. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Ste 400, Peachtree Corners, GA 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Truist is an FDIC Insured bank with its principal place of business in the State of North Carolina and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Ste 400, Peachtree Corners, GA 30092.

20.     Truist is a "furnisher of information" as that term is used in 15 U.S.C. §1681s-2.

21.     Truist furnished Plaintiff's information to the CRAs which was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is a natural person who is alleged to owe a debt to Truist.

23.     On or about September 19, 2022, Plaintiff received an alert from his credit monitoring app as to a Suntrust Bank dba Lightstream account number ending in 8011 (hereinafter "Truist Account") being opened.

24.     That same day in fear of identity theft, Plaintiff submitted a consumer statement with Experian explaining he is a victim of fraud and placing a security alert on his file.

25.     The next day, on September 20, 2022, Plaintiff filed a police report with the Newport Beach Police Department located in Newport Beach, California.

26.     Initially, Plaintiff began to actively communicate with Truist to dispute the fraudulent Truist Account.  To no avail, the account in question continued to be reported.

27.     Plaintiff began to communicate with the credit reporting agencies concerning the fraudulent account, only for it to be found a "accurate" in the fall of 2022.

28.     As Plaintiff was left feeling hopeless and defeated.

29.     On or about August 14, 2024, Plaintiff obtained a copy of his Experian credit report. Upon review the Truist Account continued to be reported with a balance of $11,674 with the pay status of "charge off". Such inaccurate reporting continued to negatively impact Plaintiff's credit score.

30.     As a result of the continuous inaccurate reporting, Plaintiff mailed out very detailed dispute letters to the CRAs. In the letter, Plaintiff advised them again, he was a victim of identity theft and that the aforementioned erroneous Truist Account did not belong to him. To confirm his identity, Plaintiff included a copy of his driver's license, and utility bill with his personal identifying information. Further, Plaintiff provided images of the fraudulent tradeline, and supporting documentation such as an Identity Theft Victim's Complaint Affidavit, and the confirmation number of the Newport Beach Police Report that was submitted in response to the fraud.

31.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0358 1296 72), Experian (9589 0710 5270 0358 1296 89), and Trans Union (9589 0710 5270 0358 1269 96).

32.     On October 3, 2024, Plaintiff received a response to Trans Union as to his dispute, which stated the Truist Account, "was VERIFIED AS ACCURATE". Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted the information it received from the furnisher.

33.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

34.     Upon information and belief, Trans Union notified Truist of Plaintiff's dispute. However, Truist failed to conduct any reasonable investigation and merely compared its own erroneous data.

35.     On or about October 7, 2024, Plaintiff was notified that Equifax has completed their investigation, yet never received dispute results notifying him the outcome of the dispute investigation.

36.     Equifax failed to properly inform Plaintiff of the dispute results.

37.     On October 18, 2024, Plaintiff received dispute results from Experian. In the said results, Experian concluded the "information is accurate" and "this item was not changed as a result of the processing of your dispute".

38.     Experian never attempted to contact Plaintiff during the alleged investigation.

39.     Upon information and belief, Experian notified Truist of Plaintiff's dispute. However, Truist failed to conduct any reasonable investigation and merely compared its own erroneous data.

40.     On or about October 28, 2024, Plaintiff obtained a copy of his Trans Union credit report. Upon review, the Truist Account continues to be reported with a remaining balance of $11,674 and a pay status of "charge off". This fraudulent

account remains to be the only negative tradeline on his credit. Such reporting negatively impacted his credit score.

41.    On or about October 28, 2024, Plaintiff obtained a copy of his Equifax credit report. Upon review, the Truist Account continues to be reported with a remaining balance of $11,674 and a pay status of "charge off". This fraudulent account remains to be the only negative tradeline on his credit. Such reporting negatively impacted his credit score.

42.    On or about October 29, 2024, Plaintiff obtained a copy of his Experian credit report. Upon review, the Truist Account continues to be reported with a remaining balance of $11,674 and a pay status of "account charged off. $11,674 written off. $11,674 past due as of Sep 2024".

43.    Due to the continued inaccurate reporting of the fraudulent Truist Account, Plaintiff mailed another dispute letter to the CRAs on October 31, 2024. Again, Plaintiff affirmed that the Truist Account did not belong to him and was a result of identity theft. Plaintiff included a copy of his driver's license, and utility bill with his personal identifying information. Further, Plaintiff provided images of the fraudulent tradeline, and supporting documentation such as an Identity Theft Victim's Complaint Affidavit, and the confirmation number of the Newport Beach Police Report that was submitted in response to the fraud.

44.    Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 7023 35), Experian (9589 0710 5270 1543 7023 42), and Trans Union (9589 0710 5270 1543 7023 04).

45.    Plaintiff continues to suffer as of the filing of this Complaint with the Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit report accurate.

46.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the error;

   iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Equifax's reluctance to fix the errors;

   iv.   Loss of the ability to benefit from lower interest rates;

    v.   Apprehensiveness to apply for credit due to the fear of rejection; and

   vi.   Defamation as Equifax published inaccurate information to third party entities.

## CAUSES OF ACTION

### <u>COUNT I</u>
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

47.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

48.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.     Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

50.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

52.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Newport Beach Police Department.

54.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

55.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

56.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**

12

**Defendant, Equifax Information Services LLC (Willful)**

57.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

58.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.     Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

60.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

61.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

62.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

63.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Newport Beach Police Department.

64.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

65.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

66.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

67.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

68.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

69.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

70.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

71.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

72.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

73.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

74.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

75.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

76.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

77.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

78.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

81.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

82.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

83.     Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

84.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

85.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

86.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

87.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Newport Beach Police Department, which contained sworn testimony of the fraud

88.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

90.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

91.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

92.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

93.     Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

94.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

95.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

96.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

97.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Newport Beach Police Department, which contained sworn testimony of the fraud.

98.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

101.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

102.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

103.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

104.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

105.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

107.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

109.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

110.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

111.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

112.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

115.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

116.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

117.   Trans Union allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

118.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

119.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

120.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

121.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Newport Beach Police Department, which contained sworn testimony of the fraud.

122.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

123.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

124.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

125.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

126.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

127.   Trans Union allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

128.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

129.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

130.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

131.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Newport Beach Police Department, which contained sworn testimony of the fraud.

132.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

136.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

137.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

138.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

139.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

141.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

142.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

143.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

144.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

145.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

146.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

147.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

148.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Truist Bank Inc. (Negligent)

149.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

150.   Truist furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

151.   After receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

152.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account was fraudulent and erroneous.

153.   Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

154.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

155.   As a direct result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

156.   The conduct, action, and inaction of Truist was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

157.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual damages against Defendant, TRUIST BANK INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**

**Defendant, Truist Bank Inc. (Willful)**

158.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

159.   Truist furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

160.   After receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

161.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account was fraudulent and erroneous.

162.   Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

163.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

164.   As a direct result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and inaction of Truist was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

166.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRUIST BANK INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NINH TUAN NGUYEN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and TRUIST BANK jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of October 2024.

Respectfully Submitted,

***/s/ Octavio "Tav" Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933

tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*